Before STATE INDUSTRIAL BOARD, Respondent.

ANTONIO PERINO and Another, Appellants, *v.* LACKAWANNA STEEL COMPANY and Another, Respondents.

*Third Department, January 7, 1925.*

**Workmen's compensation — award to non-resident alien claimant — award may be modified under Workmen's Compensation Law, § 17, so that commutation shall be made from date of death rather from date of award.**

The State Industrial Board properly modified its award made to a non-resident alien claimant, under the authority of section 17 of the Workmen's Compensation Law, so as to provide that commutation should be made from the date of the death forming the basis of the claim rather than from the date of the award.

APPEAL by the plaintiffs, Antonio Perino and another, from an award of the State Industrial Board, made on the 5th day of March, 1924, modifying an award made on the 14th day of December, 1923.

*McIntyre, Wilkie & Swartz [Lafay C. Wilkie* of counsel], for the appellant.

*Locke, Spratt, Babcock & Hollister [Evan Hollister* of counsel], for the respondent Lackawanna Steel Company.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

H. T. KELLOGG, J.:

The claimant's son died from an accidental injury received in the course of his employment, from causes resting therein, on the 3d day of June, 1920. On December 14, 1923, an award was made to the claimant, a non-resident alien living in Italy, of compensation " to be paid in full to date " with " future payments to be commuted under section 17." On March 5, 1924, the award made was modified so that commutation was directed to be made from the date of the death rather than from the date of the award. The Workmen's Compensation Law provides in section 17 that the Industrial Board " may, at its option, or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Commission." Within the purview of this provision, the Industrial Board, acting upon an alien's claim, might, in the absence of an application by the insurance carrier, at one session award compensation in weekly payments,

and, at a later session, make commutation. In that event, at the moment of the second award, weekly payments previously owing, whether paid or unpaid, as fixed portions of an ascertained debt, would have the character not of *future* but of *past* installments, and, therefore, could not be made the subject of commutation. On the other hand, the Board, acting at a single session, might determine the weekly compensation, simultaneously make commutation, and decree a lump sum award. In this event all weekly payments, whether for the period past or the period to come, would necessarily have, for the purposes of commutation under the provision quoted, the character of " future installments of compensation." This would be true because an " installment " is a " portion of a debt " (Webster's New Int. Dict.), and, until there was a debt, necessarily no installment or part thereof could be payable. Clearly no debt of compensation is owing or payable, in part or in whole, until an award is made. Consequently, in the case assumed, as in the case at bar, where commutation is made simultaneously with an award, all " installments of compensation " are " future " to the award and must be comprehended by the commutation. The Industrial Board, therefore, was entirely correct in modifying its award to include in the commutation all installments of compensation since the death of the claimant's son.

The award should be affirmed, without costs.

Decision unanimously affirmed, without costs.